PHILIP J. GRAVES (SBN 153441)
philipg@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

Attorneys for Plaintiff
JOSEPH NEEV

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH NEEV, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CARL ZEISS MEDITEC, INC., a New York corporation; and CARL ZEISS MEDITEC AG, a German corporation,<br><br>　　　　　　　　Defendants. | No. 8:15-cv-1996<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

COMPLAINT FOR PATENT INFRINGEMENT

805943 V1

Plaintiff Joseph Neev ("Dr. Neev"), by and through his undersigned attorneys, pleads as follows:

## I. PARTIES

1. Dr. Neev is an individual residing in Laguna Beach, California.

2. On information and belief, Carl Zeiss Meditec, Inc. ("Zeiss Meditec") is a corporation organized and existing under the laws of the State of New York, having a principle place of business in Dublin, California.

3. On information and belief, Carl Zeiss Meditec AG ("Zeiss AG") is a corporation organized and existing under the laws of Germany, having a principle place of business in Jena, Germany. On information and belief, Zeiss AG is Zeiss Meditec's direct parent entity.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, this Court has personal jurisdiction over Zeiss Meditec for the reasons, among others, that (i) Zeiss Meditec transacts business by selling and servicing infringing product in California, including in this District, and (ii) Zeiss Meditec has a principle place of business and maintains an agent for service of process in Dublin, California.

6. On information and belief, this Court has personal jurisdiction over Zeiss AG for the reasons, among others, that (i) Zeiss AG acts through its agent, Zeiss Meditec, to transact business in California, and (ii) Zeiss AG manufactures products with the intention of selling and marketing those products in California through an affiliated company, namely Zeiss Meditec.

7. Venue is proper in this District because Zeiss Meditec and Zeiss AG reside in this District within the meaning of 28 U.S.C. §§ 1391 and 1400(b).

805943 V1

### III.   FACTUAL ALLEGATIONS

**A.   Dr. Neev**

8. Dr. Joseph Neev is a physicist and an inventor of revolutionary applications of lasers in the ophthalmic, dermatological, dental and cardiovascular fields.

9. Dr. Neev's career in advancing the use of laser technology to optimize surgical applications began in the late 1980s.  His contributions to augment the use of lasers in medical and other applications is well-recognized in the industry, and can be seen through his numerous publications and his affiliation with reputable institutions such as Lawrence Livermore National Laboratory ("Livermore"), the University of California at Irvine ("UCI"), the Beckman Laser Institute, the University of California at San Diego, the University of California at San Francisco, Cornell University School of Medicine, the University of Texas at Austin, Stanford University's School of Medicine and Duke University's School of Medicine.  As an internationally recognized leader in the field of femtosecond lasers in surgery and medicine, Dr. Neev was asked, in the mid-1990's, to organize the first conference on commercial and biomedical applications of ultrashort pulse lasers and served as the conference chair or co-chair for over a decade.

10. In the mid and late 1990s, Dr. Neev worked as an assistant professor of surgery at the Beckman Laser Institute and Medical Clinic, which was part of the Department of Surgery at UCI.  At the time, Dr. Neev worked with other University of California scientists at Livermore on research and development projects relating to ultrashort pulse lasers.  Livermore, which was managed by the University of California at the time, is a federally funded research laboratory, entrusted with strengthening the United States' security through the development and application of world-class science and technology.

805943 V1

**B.     The '199 Patent**

11.     Following his departure from UCI, Dr. Neev continued his research concerning medical applications of laser technology.  Dr. Neev's subsequent work has resulted in the issuance of at least 15 U.S. Patents covering various laser, light and heat-based biomedical applications.  Among these is U.S. Patent No. 6,482,199 (the "'199 Patent"), entitled "Method and Apparatus for High Precision Variable Rate Material, Removal and Modification," which was issued to Dr. Neev by the U.S. Patent and Trademark Office on November 19, 2002.

12.     Dr. Neev is the sole inventor and owner of the '199 Patent, and holds all right, title and interest in and to the '199 Patent.

**C.     The VisuMax Femtosecond System**

13.     On information and belief, Zeiss Meditec imports the VisuMax Femtosecond System into the United States and markets and sells the VisuMax Femtosecond System in the United States, and does so as the agent of and on behalf of Zeiss AG.

14.     On information and belief, Zeiss AG imports the VisuMax Femtosecond System into the United States and markets and sells the VisuMax Femtosecond System in the United States on its own behalf and through its US agent, Zeiss Meditec.

15.     The VisuMax Femtosecond System is an ophthalmic surgical laser with at least the following indicated uses:

- In the creation of a corneal flap in patients undergoing LASIK surgery or other treatment requiring initial lamellar resection of the cornea;
- In patients undergoing surgery or other treatment requiring initial lamellar resection of the cornea;
- In the creation of a lamellar cut/resection of the cornea for lamellar keratoplasty;
- In the creation of a cut/incision for penetrating keratoplasty and corneal harvesting.

- 3 -

805943 V1

16. On information and belief, the VisuMax Femtosecond System is used to selectively ablate and/or modify eye tissue.

17. On information and belief, the VisuMax Femtosecond System operates with a pulse duration in the approximate range from 220 femtoseconds to 580 femtoseconds.

18. On information and belief, the VisuMax Femtosecond System operates with a pulse repetition rate of 500 kilohertz.

19. On information and belief, when the VisuMax Femtosecond System is used for an indicated use, laser energy is directed at and below the surface of the eye, creating incisions or tunnels in the cornea as well as a plurality of cavitation bubbles below the surface of the eye.

20. On information and belief, when the VisuMax Femtosecond System is used for an indicated use, an absorption and/or scattering characteristic of the material of the target region of the eye is varied, for example, as a result of the application of suction and/or pressure to the eye by a patient interface.

21. On information and belief, certain parameters of the VisuMax Femtosecond System, such as the pulse energy, may be or have been manipulated such that a deposited volumetric power density of the beam within a target region of the eye is greater than the threshold volumetric power density.

22. On information and belief, when the VisuMax Femtosecond System is used for an indicated use, ablation or other modification of eye tissue occurs as a result of the interaction of laser energy with eye tissue.

805943 V1

# COUNT I

## INFRINGEMENT OF THE '199 PATENT

### (Against Zeiss Meditec and Zeiss AG)

23. Dr. Neev restates and incorporates by reference his previous allegations above, as if fully set forth herein.

24. Zeiss Meditec and Zeiss AG have infringed and continues to infringe one or more claims of the '199 Patent by making, using, selling or offering to sell in the United States and/or by importing into the United States the VisuMax Femtosecond System.

25. Zeiss Meditec and Zeiss AG have induced and continue to induce infringement of one or more claims of the '199 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VisuMax Femtosecond System. Zeiss Meditec and Zeiss AG have known of the '199 Patent since at least 2008, when Dr. Neev corresponded and met with representatives of Zeiss AG and informed them of the '199 Patent, and have known or acted with willful blindness to the likelihood that the use of the VisuMax Femtosecond System by ophthalmic surgeons infringes the '199 Patent.

26. The VisuMax Femtosecond System is configured such that the use of the lasers for eye surgery constitutes infringement, and Zeiss Meditec and Zeiss AG instruct and encourage users to use the infringing laser for eye surgery.

27. With respect to the VisuMax Femtosecond System, Zeiss Meditec's website states:

- "With the VisuMax®, Carl Zeiss is significantly shaping the world of refractive surgery. This ground-breaking laser system employs high-performance femtosecond laser technology and is characterized by its outstanding cutting precision, unsurpassed speed and gentle treatment technique."

805943 V1

- "VisuMax is the logical enhancement of the product range for refractive surgeons – and marks another step into the future of corneal surgery, the progress of which Carl Zeiss has been shaping for more than 20 years."
- "High-precision optics from Carl Zeiss provide an extremely focused laser beam. The result: minimum laser pulse energy at a high pulse frequency for unsurpassed incision control – at precisely the desired depth in the cornea, even with threedimensional, curved incisions."

28. Zeiss Meditec and Zeiss AG intend that the infringing product be used in a manner that infringes the '199 Patent. Zeiss AG obtained FDA approval for infringing uses and markets the product for infringing uses. On information and belief, Zeiss Meditec and Zeiss AG directly or indirectly create and provide manuals, brochures or other documentation instructing and enabling infringing uses.

29. Zeiss Meditec and Zeiss AG have contributed to and continue to contribute to infringement of one or more claims of the '199 Patent in the United States by, among others, ophthalmic surgeons performing eye surgery using the VisuMax Femtosecond System. The infringing product embodies a material part of the claimed invention of the '199 Patent, and Zeiss Meditec and Zeiss AG know that the product is especially made or adapted for uses that infringe the '199 Patent. The infringing product is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

30. Zeiss Meditec and Zeiss AG's infringement of the '199 Patent has been and continues to be willful. Zeiss Meditec and Zeiss AG have known of the '199 Patent since at least 2008. Zeiss Meditec and Zeiss AG knew or should have known that the VisuMax Femtosecond System infringes the '199 Patent, and they have proceeded despite an objectively high likelihood that a court would find the product to be infringing.

31. Neither Zeiss Meditec nor Zeiss AG now has or has ever had a license under the '199 Patent.

32. Dr. Neev has sustained significant damages as a direct and proximate result of Zeiss Meditec and Zeiss AG's infringement of the '199 Patent.

33. Dr. Neev will suffer and is suffering irreparable harm from Zeiss Meditec and Zeiss AG's infringement of the '199 Patent. Dr. Neev is entitled to an injunction against Zeiss Meditec and Zeiss AG's continuing infringement of the '199 Patent. Unless enjoined, Zeiss Meditec and Zeiss AG will continue their infringing conduct.

34. Zeiss Meditec and Zeiss AG's infringement of the '199 Patent is exceptional and entitles Dr. Neev to attorneys' fees and costs incurred in prosecuting this action.

## RELIEF REQUESTED

WHEREFORE, Dr. Neev prays that the Court enter judgment as follows:

A. That Zeiss Meditec and Zeiss AG have infringed and continue to infringe the '199 Patent and that the '199 Patent is not invalid and is enforceable;

B. Awarding Dr. Neev damages adequate to compensate him for Zeiss Meditec and Zeiss AG's infringement of the '199 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions by them;

C. Awarding a preliminary and permanent injunction restraining and enjoining Zeiss Meditec and Zeiss AG, and their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

D. Trebling all damages awarded to Dr. Neev under the '199 Patent;

E. Finding this case exceptional and awarding to Dr. Neev his reasonable attorneys' fees incurred in prosecuting his claims for patent infringement;

F. Costs and interest;

G. Such other relief as the Court determines to be just and proper.

1
2  DATED: November 30, 2015         HAGENS BERMAN SOBOL SHAPIRO LLP
3
4                                   By:      */s/ Philip J. Graves*
                                          Philip J. Graves (SBN 153441)
5                                   philipg@hbsslaw.com
                                    301 North Lake Avenue, Suite 203
6                                   Pasadena, CA  91101
                                    Telephone:  (213) 330-7150
7                                   Facsimile:  (213) 330-7152
8                                   Counsel for Plaintiff
                                    JOSEPH NEEV
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

805943 V1

- 8 -

1 **DEMAND FOR JURY TRIAL**

2     Dr. Neev requests a jury trial for all issues triable to a jury.

3

4 DATED: November 30, 2015    HAGENS BERMAN SOBOL SHAPIRO LLP

5

6 By:    */s/ Philip J. Graves*
        Philip J. Graves (SBN 153441)
7 philipg@hbsslaw.com
301 North Lake Avenue, Suite 203
8 Pasadena, CA  91101
Telephone:  (213) 330-7150
9 Facsimile:  (213) 330-7152

10
Counsel for Plaintiff
11 JOSEPH NEEV

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28